UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-22053

MARIA ANGELICA FAJARDO,

    Plaintiff,

vs.

OCIO CONCEPTS, LLC,
OCIO CONCEPTS II, LLC,
TIERA BOMBA, INC. a/k/a
TIERRA BOMBA BAR & GRILL, INC.,
CARLOS PIESCHACON, and
MARIA JULIANA ELIAN,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Maria Angelica Fajardo, sues Defendants, Ocio Concepts, LLC, Ocio Concepts II, LLC, Tiera Bomba, Inc. a/k/a Tierra Bomba Bar & Grill, Inc., Carlos Pieschacon, and Maria Juliana Elian, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Maria Angelica Fajardo**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Ms. Fajardo consents to participate in this lawsuit.

3. **Defendant, Ocio Concepts, LLC ("OC1")**, is a *sui juris* Florida for-profit corporation that does business, and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

4. **Defendant, Ocio Concepts II, LLC ("OC2")**, is a *sui juris* Florida for-profit

1

corporation that does business, and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

5. **Defendant, Tiera Bomba, Inc. ("TIERRA BOMBA")**, is a *sui juris* Florida for-profit corporation that does business under the fictitious name of Tierra Bomba Bar & Grill, Inc., and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

6. **Defendant, Carlos Pieschacon,** was and is the owner, managing member, principal, and/or operator of the corporate Defendants. He conducts business in this District, at all times material ran the day-to-day operations of the corporate Defendants, and was responsible for paying Plaintiff's wages.

7. **Defendant, Maria Juliana Elian,** was and is the owner, managing member, principal, and/or operator of the corporate Defendants. She conducts business in this District, at all times material ran the day-to-day operations of the corporate Defendants, and was responsible for paying Plaintiff's wages.

8. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

9. Defendants operated as a single enterprise as a result of their utilizing the same workforce, same directors, officers and/or managers, as well as their paying Plaintiff out of their various bank accounts without regard to the restaurant location at which she performed services.

10. In addition, Defendants coordinated the scheduling of Plaintiff's work so that she could work at their various restaurants without any conflict.

11. This Court has original jurisdiction over Plaintiff's federal question claims

2

pursuant to 28 U.S.C. §1331, 29 U.S.C. §201, *et seq*.

12. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Background Facts*

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

15. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants' annual gross revenues derived from this interstate commerce, individually and collectively, are believed to be in excess of $500,000.00 for the relevant time

period and/or more than $125,000 for each relevant annual fiscal quarter.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

19. Plaintiff worked for Defendants, from October 2, 2017 until May 1, 2019.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

21. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to his sale of same.

22. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Maria Angelica Fajardo, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

24. In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips.

Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" were not protected by the FLSA. Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week." *Hodgson v. Bern's Steak House, Inc.*, 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds,* 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

25. The failure to pay for each hour worked invalidates the tip credit. *Chisolm v. Gravitas Rest. Ltd.*, 2008 WL 838760 (S.D. Tex. 2008).

26. The "wage" that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage. The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id.*

27. Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. §203(m), allows Defendants to pay less than the required minimum wage by taking a "tip credit," in order to satisfy its minimum wage obligation. However, in order to utilize the "tip credit," Defendants must strictly comply with the FLSA.

28. A condition precedent to the "tip credit" availability is that Defendants must inform employees of its intention to take a "tip credit." The "tip credit" is not applicable herein, because Defendants failed to "inform" Plaintiff of their intention to claim a "tip credit," as is required by the FLSA at 29 U.S.C. §203(m). Defendants could not have informed Plaintiff, as they had a built-in policy to deduct from Plaintiff's wages, and thus Plaintiff's pay fell below the

5

minimum wage for tipped employees. Knowledge that there is a "tip credit" in the industry is insufficient. Defendants failed to comply with the informational requirements of 29 C.F.R. §531.59(b), in that (1) Defendants failed to inform Plaintiff about the "tip credit" altogether; (2) the amount of the cash wage that is to be paid to the tipped employee by the employer; (3) the additional amount by which the wages of the tipped employee are increased on account of the "tip credit" claimed by the employer; (4) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (5) that the tip credit shall not apply to any employee who has not been informed of these requirements in this §531.59(b).

29. During the Relevant Time Period, Plaintiff was not paid for all hours regular hours worked in excess of those for which she was scheduled, since Defendants did not maintain accurate time records identifying the dates and times that Plaintiff started and stopped working.

30. During the last three years, Defendants utilized the tip credit to pay Plaintiff and their other servers at an hourly wage rate that was less than the entirety of the applicable minimum wage.

31. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

32. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

33. To utilize the tip credit, an employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among

employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

34. An employer must also notify its employees that it would be relying on the "tip credit" to make up the remaining $3.02 per hour.

35. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its tipped employees the full applicable minimum wage.

36. During her employment, Defendants used the tip credit to pay Plaintiff even though they deducted money from Plaintiff's paychecks for shortages in its inventory that were not attributable to Plaintiff, thereby reducing Plaintiff's actual cash wages below the permitted amount (a cash wage of at least $3.02 less than the applicable minimum wage).

37. During the last three years Plaintiff was forced to perform side work (such as filling salt/pepper, polishing silverware, stacking chairs, sweeping, folding napkins, and cashing out the register), while not earning tips, in excess of 20% of her work time.

38. During the last three years, Defendants employed Plaintiff as a "dishwasher" in its Ocio restaurant in Coral Gables from January 2019 to May 2019, and still paid her the "tip credit" wage even though the dishwasher is not a position that customarily and regularly receives tips from customers.

39. By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage required by the FLSA.

40. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the remainder of the applicable minimum wage.

41. Defendants willfully and intentionally refused to pay Plaintiff at least the applicable minimum wage for all of the hours worked during the relevant time period.

7

42. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Maria Angelica Fajardo, demands the entry of a judgment in her favor and against Defendants, Ocio Concepts, LLC, Ocio Concepts II, LLC, Tiera Bomba, Inc. a/k/a Tierra Bomba Bar & Grill, Inc., Carlos Pieschacon, and Maria Juliana Elian, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants as provided under the law and in 29 U.S.C. §216(b);

    b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    e. All interest allowed by law; and

    f. Such other and further relief as the Court deems just and proper.

## **COUNT II – FLSA OVERTIME VIOLATION(S)**

Plaintiff, Maria Angelica Fajardo, reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

43. Plaintiff routinely worked in excess of 40 hours per week for Defendants.

44. Defendants, however, failed and refused to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay (of at least the applicable Florida minimum wage) for all hours worked over 40 in a workweek.

45. Defendants knew and/or reasonably should have known that Plaintiff actually worked more than 40 hours per week.

46. Defendants willfully and intentionally refused to pay Plaintiff at a rate of at least time and one-half of her regular rate of pay (at least the applicable Florida minimum wage) for each of the overtime hours that she worked for Defendants.

47. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay her, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime wages she earned.

48. Plaintiff is entitled to a back-pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Maria Angelica Fajardo, demands the entry of a judgment in her favor and against Defendants, Ocio Concepts, LLC, Ocio Concepts II, LLC, Tiera Bomba, Inc. a/k/a Tierra Bomba Bar & Grill, Inc., Carlos Pieschacon, and Maria Juliana Elian, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

b. That Plaintiff recovers pre-judgment interest if she is not awarded liquidated damages;

c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recovers all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 21st day of May 2019.

             Respectfully submitted,

             Brian H. Pollock, Esq.
             Brian H. Pollock, Esq.
             Fla. Bar No. 174742
             brian@fairlawattorney.com
             FAIRLAW FIRM
             7300 N. Kendall Drive
             Suite 450
             Miami, FL 33156
             Tel: 305.230.4884
             *Counsel for Plaintiff*